IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:06CR00062 |
| v. | ) OPINION |
| DAMIAN ANTONIO MURPHY, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Damian Antonio Murphy, Pro Se Defendant.*

The defendant has filed a pleading that I construe as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). Upon review of the motion and court records, I find that the § 2255 motion must be dismissed as successive.

I

Damian Antonio Murphy and two codefendants were indicted in this court with conspiring to possess with intent to distribute controlled substances and possessing counterfeit currency. Murphy was initially represented by appointed counsel, but elected to go to trial representing himself, although the court assigned stand-by counsel to assist him if requested. At trial, his codefendants, who had pleaded guilty, testified against him, and he declined to testify. He was convicted

by a jury and thereafter requested and obtained appointment of counsel for sentencing. Murphy was sentenced at the low end of the applicable advisory guideline range to 262 months of imprisonment. Murphy appealed, and the court of appeals assigned new counsel to represent him. His convictions were affirmed. *United States v. Murphy*, 552 F.3d 405 (4th Cir.), *cert. denied*, 129 S. Ct. 2016 (2009). Murphy then filed a § 2255 motion concerning this same conviction and sentence. *See United States v. Murphy*, No. 1:06CR00062, 2011 WL 181938 (W.D. Va. Jan. 20, 2011), *appeal dismissed*, 449 F. App'x 307 (4th Cir. 2011).

On January 17, 2012, Murphy filed a pleading he styled as a "MOTION FOR RELIEF OF JUDGEMENT PURSUANT TO RULE 60(b) AND 60(b)(3)" (ECF No. 283). He later moved to strike this motion and asked for an extension of time in which to file a different pleading in its place within the one-year time limit applicable to motions under Rule 60(b)(3). Murphy filed the replacement pleading on March 16, 2012, styled as a "MOTION FOR RELIEF OF JUDGMENT ACCORDING TO HAZEL-ATLAS PURSUANT TO RULE 60(d)(3) <u>FRAUD ON THE COURT</u> AND RULE 60(b)(3) DISCOVERY VIOLATIONS" (ECF No. 286).[1]

---

[1] I will grant Murphy's motion to strike his initial motion under Rule 60(b) and consider only his second Rule 60(b) motion. Because I find that this motion is properly construed as a one under § 2255, however, and not as a motion for relief from judgment under any provision of Rule 60, I will dismiss Murphy's motion for extension of time as moot.

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

When a defendant seeks Rule 60 relief from the court's judgment denying his § 2255 motion, he must demonstrate "some defect in the integrity of the . . . habeas proceedings" to justify revisiting the judgment, such as an erroneous finding of procedural default or a statute of limitations bar. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The defendant may not use Rule 60 to evade the successive petition bar contained in 28 U.S.C.A. § 2244(b) by bringing new claims that challenge the underlying conviction or sentence or that attack "the substance of the federal court's resolution of a [prior habeas] claim on the merits." *Id.* A motion that attempts such an attack must be construed and summarily dismissed as a successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

In his current submission, Murphy asserts under Rule 60(b)(3) that during "fraud upon the court" by referring to certain past events in making her arguments for denial of § 2255 relief. The incidents that Murphy's motion discusses,

-3-

however, are actions that his defense counsel or counsel for the government allegedly took or failed to take during the criminal proceedings in 2006 and 2007, according to Murphy's account of these past events.[2]  Murphy argues that these past events constituted "fraud" and caused him to be wrongfully convicted for a type and quantity of drugs not charged in the Indictment and to be wrongfully denied relief under § 2255 from that conviction.

Despite his assertion that counsel for the government perpetrated fraud during the § 2255 action, Murphy does not state facts showing any defect in the § 2255 proceedings which would be required to overturn the § 2255 judgment under Rule 60(b)(3) or (d)(3).  I denied relief on Murphy's original § 2255 claims, because his submissions and the record of the criminal proceedings themselves did not establish that his constitutional rights had been violated in the manner he alleged, and Murphy fails to demonstrate any procedural problem with my disposition of his § 2255 claims.  Therefore, I will deny Murphy's motion to the extent that it alleges grounds under Rule 60(b)(3) or (d)(3) for relief from the judgment denying Murphy's § 2255 motion.

---

[2]  Murphy raised similar claims in his § 2255 motion itself, including allegations that Murphy's due process rights were violated because he did not see a copy of the Indictment, which was procured with perjured testimony; that Murphy was unlawfully sentenced for an amount of drugs not charged in the Indictment; and that the prosecutor and defense counsel did not ensure that Murphy, as an incarcerated pro se defendant, received a copy of the Information seeking to enhance his sentence based on prior convictions.

I will also deny Murphy's Rule 60 motion to the extent that he claims that his allegations of fraud during the criminal proceedings entitle him to have his conviction itself vacated under Rule 60(b)(3) and (d)(3). The court finds no respect in which this civil rule could apply to authorize an action by a criminal defendant to invalidate a criminal conviction. *See, e.g.*, Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts…."); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (finding that the Federal Rules of Civil Procedure do not provide vehicle by which defendant may challenge his criminal judgment).

Murphy's current motion presents claims that his conviction is invalid, based on certain aspects of the trial proceedings themselves. Thus, I must construe this submission as a second or successive § 2255 motion. *Gonzalez*, 545 U.S. at 532. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. Murphy offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket Murphy's submission as a § 2255 motion, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

DATED: May 8, 2012

/s/ James P. Jones
United States District Judge