# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:06CR00062 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAMIAN ANTONIO MURPHY,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Damian Antonio Murphy, Pro Se Defendant.*

The defendant, Damian Antonio Murphy, proceeding pro se, filed related pleadings styled as a "MOTION FOR RELIEF FROM VOID JUDGMENT SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES, PURSUANT TO 60(b)(4)." This motion asserts that I erred in denying relief on Murphy's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.   Specifically, Murphy argues that I relied on the government's characterization of his pro se claims and failed to address some claims.   After reviewing Stewart's current submission and the record, I will deny Stewart's motion under the authority he cites and will construe and dismiss it as a successive § 2255 motion.

As stated, Murphy has already pursued a § 2255 motion regarding the same judgment. *See United States v. Murphy*, No. 1:06CR00062, 2011 WL 181938 (W.D. Va. Jan. 20, 2011), *appeal dismissed*, 449 F. App'x 307 (4th Cir. 2011). (unpublished). His current motion is not properly considered as a motion for relief from judgment under Rule 60, because he merely repeats or recasts claims the court has already decided or found to be procedurally defaulted. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). Instead, I must construe his submission as a new § 2255 motion. *Id.*

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. § 2255(h). Murphy offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket Stewart's submissions as a § 2255 motion, which I will summarily dismiss as successive.

ENTER: December 5, 2013

/s/ James P. Jones
United States District Judge